# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00097-MR

| | |
|---|---|
| KIMBERLY KAY MOONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ANDREW SAUL, Commissioner ) | |
| of Social Security ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 10] and the Defendant's Motion for Summary Judgment. [Doc. 12].

## I.   BACKGROUND

On August 6, 2015, the Plaintiff, Kimberly Kay Mooney ("Plaintiff"), filed an application for supplemental security income under Title XVI of the Social Security Act (the "Act"), alleging an onset date of July 21, 2015. [Transcript ("T.") at 14]. The Plaintiff's claim was initially denied on November 19, 2015 and upon reconsideration on February 29, 2016. [Id.]. Upon the Plaintiff's request, a hearing was held on August 1, 2017 before an Administrative Law Judge ("ALJ"). [Id. at 36]. On November 16, 2017, the ALJ issued a written

decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of July 21, 2015. [Id. at 1]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 26]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof,

which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative

work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date, July 21, 2015. [T. at 13]. At step two, the ALJ found that the Plaintiff has severe impairments including "depression, anxiety, diabetes mellitus, hypertension, neuropathy, vision and obesity." [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 13-15]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform *light work* as defined in 20 CFR 416.967(b) except she is limited to frequent, but not continuous, use of the upper and lower extremities for pushing, pulling and operating hand and foot controls, as well as, fine and gross manipulations. She can occasionally balance, stoop, kneel, bend,

>crouch and crawl, but must avoid work place hazards such as ladders, ropes, scaffolding, unprotected heights and dangerous machinery parts. No handling of small objects or finely printed materials. The claimant can follow short simple, but not detailed, instructions and perform routine tasks, but no work requiring a production rate or demand pace. She is able to remain on task while maintaining attention and concentration for 2 hours at a time. The claimant must avoid work environments dealing with crisis situations, complex decision making, or constant changes in a routine setting. She can have frequent, but not continuous, contact or interactions with coworkers, supervisors and the public.

[Id. at 15-16].

At step four, the ALJ identified the Plaintiff's past relevant work as a production assembler, handpackager, unit clerk, cashier/checker, and night audit clerk. [Id. at 20]. The ALJ observed, however, that the Plaintiff is "unable to perform past relevant work as actually or generally performed." [Id.]. At step five, based upon the testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including laundry folder, cafeteria attendant, and housekeeper. [Id. at 20-21]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from July 21, 2015, the alleged onset date, through November 16, 2017, the date of the decision. [Id. at 21].

7

## V. DISCUSSION[1]

As one of her assignments of error, the Plaintiff alleges that the ALJ failed to properly consider her inability to perform daily activities. [Doc. 11 at 11-12]. According to the Plaintiff, her "activities restricted by both mental and physical limitations . . . are disabling because they preclude any work sustained 'in an ordinary work setting on a regular and continuing basis.'" [Id. at 12 (quoting Social Security Rule 96-8p)]. The Plaintiff argues that the ALJ erred by considering "the type of activities [the Plaintiff] can perform without also considering the extent to which she can perform them." Brown v. Comm'r, 873 F.3d 251, 263 (4th Cir. 2017).

The ALJ noted that the Plaintiff is able to "live on her own performing several activities of daily living, such as washing dishes, cooking simple meals, cleaning the house, doing laundry and shopping" and is able to "read, watch television and take care of her cat." [T. at 18]. The ALJ, however, failed to consider the Plaintiff's statements that she can only do light housework for 20 to 30 minutes at a time, can only read for 20 to 30 minutes at a time, can only stand for 10 to 15 minutes at a time, can only sit for 15 to 30 minutes at a time, forgets to finish chores that she attempts to perform,

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

and spends an entire day in bed once or twice per week. [Id. at 41, 42, 46, 48, 49].

While the ALJ mentioned the types of daily activities that the Plaintiff performs she never explained the extent to which the Plaintiff could carry out the daily activities based on the limitations listed above. The ALJ's ultimate conclusions as to Plaintiff's limitations may be correct, but the Court is left to guess how those conclusions were reached. Under these circumstances, the Court cannot affirm the ALJ's finding of no disability without a showing of substantial evidence to support her findings at each step of the sequential evaluation process. Mascio, 780 F.3d at 637.[2]

## VI. CONCLUSION

Because this Courts lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. In assessing the Plaintiff's limitations on remand, the ALJ should consider not just the type of daily activities performed by the Plaintiff, but also the extent to which she can perform such activities. Brown, 873 F.3d at 263; see also Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (noting that an ALJ erred by considering that a claimant could "maintain her

---

[2] Because the Court has determined that a remand is necessary on this ground, the Court need not address the Plaintiff's other assignments of error.

personal hygiene, cook, perform light household chores, shop, socialize with family members, and attend church services on a regular basis" without considering the claimant's struggles with accomplishing those activities and the fact that "some days, she spends the entire day on the couch.").

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 10] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 12] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: August 12, 2019

Martin Reidinger
United States District Judge