# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00097-MR

| | |
|---|---|
| KIMBERLY KAY MOONEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANDREW SAUL, Commissioner ) <br> of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act [Doc. 17].

## I.  PROCEDURAL HISTORY

The Plaintiff initiated this action on April 15, 2018, seeking review of the denial of her claim for benefits by the Commissioner under the Social Security Act (the "Act"). [Doc. 1]. The Plaintiff's Complaint was filed by George C. Piemonte, an attorney who is licensed to practice in North Carolina and admitted to practice before this Court.

The Commissioner filed an Answer to the Plaintiff's Complaint on June 18, 2018. [Doc. 7]. Thereafter, the parties filed their respective Motions for Summary Judgment and memoranda in support thereof. [Docs. 10, 11, 12, 13, 14].

On August 12, 2019, the Court entered an Order remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 15]. On November 8, 2019, the Plaintiff filed a Motion for Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). [Doc. 17]. Specifically, the Plaintiff seeks an award in the amount of $9,785.48, representing 48.3 hours of total work performed at the rates of $202.66 and $202.34 per hour by her attorneys Michel Phillips[1] and George Piemonte. [See Doc. 18-2]. On November 21, 2019, the Commissioner filed a Memorandum in Opposition to the Plaintiff's request for attorney's fees. [Doc. 20]. On December 2, 2019, the Plaintiff filed a Reply to the Commissioner's Memorandum in Opposition. [Doc. 21].

Having been fully briefed, this matter is ripe for disposition.

## II. DISCUSSION

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an

---

[1] The memoranda submitted in support of Plaintiff's Motion for Summary Judgment and billing entries submitted in support of Plaintiff's Motion for Fees indicate that attorney Michel Phillips also performed work on the Plaintiff's case. [See Docs. 11 at 26, 14 at 6, 18-2].

award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

While conceding that the Plaintiff is a prevailing party in this action and thus is entitled to a fee award, the Commissioner argues that the hourly rates charged and the number of hours claimed by the Plaintiff's attorneys are excessive. Accordingly, the Commissioner argues that the Plaintiff's requested fee award should be substantially reduced. [Doc. 20].

### A. Hourly Rate

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded ... shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v.

Sullivan, 977 F.2d 900, 901 (4th Cir.1992).

The Plaintiff requests an hourly rate of $202.66 for services performed by her attorneys in September 2018 and an hourly rate of $202.34 for services performed by her attorneys in November 2018. [Doc. 18-2]. The Plaintiff arrived at this rate by calculating the increase in the cost of living as reflected by the Consumer Price Index ("CPI") for all urban consumers of the United States (hereinafter "CPI-Urban").[2] [See Doc. 18-3]. Using the CPI-Urban, the Plaintiff calculated the percentage change between March 1996, the time of the re-enactment of the EAJA statute, and the dates of services performed in the case, and applied that percentage increase to the statutorily set rate of $125. [See Docs. 18-2, 18-3].

The Commissioner's single challenge to the Plaintiff's methodology in calculating the hourly rate is the use of the CPI-Urban. [Doc. 20 at 2-4]. The Commissioner suggests that the appropriate CPI for calculating the increase in the cost of living is the CPI for south urban consumers (hereinafter "CPI-South") because it "more particularly describes the area of the country at issue in this case." [Doc. 20 at 3]. Using the CPI-South, the Commissioner calculates an adjusted hourly rate of $199.84 for services performed in

---

[2] The Fourth Circuit has held that an adjustment for the "cost of living" to the EAJA statutory ceiling "requires the use of a broad cost-of-living index." See Sullivan v. Sullivan, 958 F.2d 574, 576 (4th Cir.1992).

4

September 2018 and an adjusted hourly rate of $199.71 for services performed in November 2018. [See Docs. 20 at 3–4; 20-1]. The Commissioner, however, fails to provide any meaningful discussion or authority in support of applying the CPI-South.[3]

The Court finds that the increase in the cost of living which occurred since the EAJA was last amended in 1996 warrants an adjustment of the statutory hourly rate and that the CPI-Urban is an appropriate measure by which to calculate the adjustment. See Peek v. Astrue, No. 1:09CV301, 2010 WL 5211499, at *2 (W.D.N.C. Dec. 15, 2010) (noting that CPI-Urban is "customarily" accepted as an appropriate measure to calculate an adjustment of the statutory rate). Accordingly, the Court will apply the CPI-Urban to calculate the cost of living adjustment and therefore will award the Plaintiff fees based on an hourly rate of $202.66 for work performed by her counsel in September 2018 and $202.34 for work performed in November 2018.

---

[3] The Commissioner fails to even indicate what reduction results in applying the CPI-South rates to Plaintiff's claimed amount. Notably, the reduction is not significant, as when the CPI-South rates are applied the total reduction is only $134.31. In other words, the Commissioner's suggestion amounts to a reduction of less than one (1) hour of the Plaintiff's claimed amount.

### B. Number of Hours Charged

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir.2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The fee applicant bears the burden of demonstrating to the Court that the number of hours charged are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The Court has broad discretion to determine what constitutes a reasonable fee award. See May v. Sullivan, 936 F.2d 176, 177 (4th Cir.1991) (per curiam).

The Plaintiff's attorneys claim a total of 48.3 hours for preparing the summary judgment brief, including time spent reviewing the case file. [Doc. 18-2]. Attorney Phillips spent 30.3 hours reviewing the file and drafting the summary judgment brief and 7.0 hours finalizing the summary judgment brief, while attorney Piemonte spent 1.0 hour finalizing revisions to the summary judgment brief. [Id. at 1 (entries on 9/5/2018 through 9/10/2018, and entry on 9/12/2018)]. Attorney Phillips also spent 8.2 hours drafting the reply brief and 0.8 hour finalizing the reply brief, while attorney Piemonte spent 1.0 hour finalizing the revisions to the reply brief. [Id. at 1 (entries on 11/21/2018, 11/24/2018, 11/25/2018, 11/27/2018).

The Commissioner argues the time spent preparing the briefs is excessive and redundant. [Doc. 20 at 4-8]. Specifically, the Commissioner argues that the time entries for reviewing the file and drafting the summary judgment brief are vague and excessive considering the below average length of the administrative record in this matter. [Id. at 4-5] Further, the Commissioner argues that the time entries for finalizing the briefs are duplicative and unnecessary. [Id. at 6-7]. On the other hand, the Plaintiff argues that the time spent on the case was reasonable as evidenced by the quality of the briefs, and that the time spent finalizing the briefs was not redundant. [Doc. 21 at 3-7].

Upon careful review of the record in this matter and counsel's time entries, the Court finds that the hours claimed by the Plaintiff's attorneys in litigating this matter are duplicative and excessive. The Plaintiff's attorneys claim a total of 48.3 hours for the preparation of the summary judgment brief and reply brief, including time spent reviewing the record and duplicative finalization. Counsel, however, does not explain the distinction between writing and "finalizing" each brief, or why such finalizing was undertaken by both attorney Phillips and attorney Piemonte. Moreover, the Plaintiff's brief in this matter raises three issues that are quite commonly presented in this Court, including by the Plaintiff's counsel. In addition, the review of the

record would likely have involved less effort than in an ordinary case, considering the relatively small size of the administrative record.[4] Accordingly, the Court will deduct a total of 7.0 hours from the time claimed by attorneys Phillips and Piemonte with regard to the summary judgment brief and further will deduct a total of 0.8 hour regarding the reply brief.

## III. CONCLUSION

After consideration of the deductions outlined above, the Court will award the Plaintiff the following amount as an award of reasonable fees and expenses under the EAJA:

| | | |
|---|---|---|
| 31.3 attorney hours[5] x $202.66 | = | $6,343.26 |
| 9.2 attorney hours[6] x $202.34 | = | $1, 861.53 |
| **Total:** | | **$8,204.79** |

The Plaintiff requests that the EAJA award be paid directly to Plaintiff's counsel as the Plaintiff's assignee. In support of this request, the Plaintiff

---

[4] The administrative record in this matter totals 374 pages. [See Docs. 8, 8-1].

[5] This figure is arrived at by adding the total reasonable number of hours of work performed by attorneys Phillips and Piemonte (31.3 hours) for the summary judgment brief in September 2018.

[6] This figure is arrived at by adding the total reasonable number of hours of work performed by attorneys Phillips and Piemonte (9.2 hours) for the reply brief in November 2018.

has submitted a fee agreement executed by the Plaintiff, pursuant to which the Plaintiff has agreed to assign any EAJA fee award in favor of counsel. [Doc. 18-1]. The Court finds that the Commissioner should accept this assignment of the awarded fees by the Plaintiff to counsel and upon receipt of such assignment, the Commissioner shall pay that award of fees directly to Plaintiff's counsel, provided that it is shown that the Plaintiff does not owe any debt to the United States Government which is subject to offset. See Astrue v. Ratliff, 560 U.S. 586 (2010).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Motion [Doc. 17] is hereby **GRANTED IN PART** to the extent that the Plaintiff is hereby awarded attorney's fees in the amount of Eight Thousand Two Hundred and Four Dollars and Seventy–Nine Cents ($8,204.79), which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d);

(2) Within thirty (30) days of the entry of this Order, or some other time as determined by the Court upon good cause shown, the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award

may be offset.  Before any funds are disbursed to counsel, the Plaintiff's counsel shall provide a valid fee assignment to the Commissioner;

(3) In the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(4) No additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: January 29, 2020

Martin Reidinger
United States District Judge